UNITED STATES of America, Appellee,

v.

Arthur Kent CARASIS, Appellant.

UNITED STATES of America, Appellee,

v.

Mark William DAVIS, Appellant.

UNITED STATES of America, Appellee,

v.

Lawrence HERRERA, Appellant.

Nos. 88–1510, 88–1511 and 88–1679.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 14, 1988.

Decided Dec. 23, 1988.

Richard L. Daly, St. Louis, Mo., for Herrera.

Burton H. Shostak, St. Louis, Mo., for Carasis.

Donald L. Wolff, St. Louis, Mo., for Davis.

Michael A. Jones, Springfield, Mo., for appellee.

Before FAGG and WOLLMAN, Circuit Judges, and WOODS,* District Judge.

FAGG, Circuit Judge.

Arthur Kent Carasis, Mark William Davis, and Lawrence Herrera appeal from the district court's rulings on their motions to withdraw their guilty pleas and the resulting judgments of conviction. We affirm.

Carasis, Davis, and Herrera each pleaded guilty to one federal felony narcotics viola-

---

* The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

tion. *See* 18 U.S.C. § 371; 21 U.S.C. §§ 841(a)(1), 846. In exchange, the government agreed to secure the dismissal of other federal and state charges. The defendants signed written plea agreements stating they had entered into the agreements without additional promises or conditions and without threats, force, or intimidation of any kind. The defendants, who were all present and represented by counsel at the plea hearing, testified under oath that they understood the consequences of the plea agreements and that their guilty pleas were voluntary.

In the meantime, Lowell Lesley Bredell, who had been indicted jointly with the defendants, stood trial. He was convicted by a jury, but the district court later granted a judgment of acquittal based on insufficient evidence. Before Bredell's acquittal and before their sentencing, these defendants moved under Federal Rule of Criminal Procedure 32(d) to withdraw their guilty pleas. The defendants claimed: (1) Carasis' and Herrera's pleas were not voluntary because the pleas were the product of coercion by Davis' attorney and because the plea agreements offered by the government were contingent on all three defendants pleading guilty; (2) Carasis' and Herrera's pleas were not supported by a sufficient factual basis on the record as required by Federal Rule of Criminal Procedure 11(f); and (3) Davis' plea was not knowing and intelligent because Davis received ineffective assistance of counsel.

The district court conducted an evidentiary hearing at which Carasis and Herrera testified. First, the court determined, based on testimony at the evidentiary and plea hearings, that the government's offered plea agreements and Davis' lawyer's contact with Carasis and Herrera did not amount to coercion. Second, the court concluded the defendants' statements at the plea hearing alone provided an adequate factual basis to support their pleas. Finally, the court held the claimed ineffective assistance, which was based on Davis' attorney's failure to lodge a pretrial evidentiary suppression motion, did not prejudice Davis. Based on these rulings, the district court denied each of the defendants' rule 32(d) motions.

On appeal, the defendants renew the same three challenges to the guilty pleas in support of their argument that the district court abused its discretion in denying the rule 32(d) motions. Having reviewed the record and the parties' briefs, we find no basis for rejecting the district court's rulings that Carasis' and Herrera's guilty pleas were uncoerced and that there was a sufficient factual basis to support those pleas.

With regard to Davis' challenge based on ineffective assistance of counsel, we conclude this challenge also is without merit. The parties agree the performance-prejudice standard established in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), governs the evaluation of Davis' legal representation. *See Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). Despite Davis' statements at the plea hearing that he was satisfied with his legal representation, Davis in his rule 32(d) motion claims he received ineffective assistance of counsel because the lawyer representing him at the guilty plea stage failed to advise him the government's evidence might be suppressed. The district court, however, ruled the suppression motion would not have met with success and, thus, that Davis was not prejudiced by his lawyer's failure to file the motion. *See Harvey v. United States,* 850 F.2d 388, 403 (8th Cir.1988). We agree.

In the circumstances claimed by Davis to constitute ineffective assistance, the burden is on Davis affirmatively to prove resulting prejudice. *See Strickland,* 466 U.S. at 693, 104 S.Ct. at 2067. In the context of a guilty plea, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill,* 474 U.S. at 59, 106 S.Ct. at 370.

Davis argues his guilty plea was uniformed and that he would have pled not guilty if he had known he could move for pretrial suppression of the government's evidence. This argument rests solely on affidavits submitted with the motion to withdraw his guilty plea. These affidavits, which were given by law enforcement officers in support of the search warrant application, show the officers had been on the searched property (presumably without warrants or consent) on several earlier occasions. On these occasions, the officers' activities were conducted out-of-doors. They crossed a timbered area, observed an outdoor trash pile, removed "a sample of [a] dark colored waste substance * * * from the ground," and detected an odor of chemicals associated with the operation of

a drug laboratory. The officers did not enter or look inside the structures located on the property.

The information obtained from the entries and a chemical analysis of the sample supplied the probable cause for the officers' warrant request. Davis contends that the "unauthorized entry onto the property and the seizure" were unlawful and, thus, provided an inadequate basis for issuance of the warrant that led to recovery of the government's evidence against him. We disagree.

The property searched by the officers consisted of land in a secluded, wooded area. Two abandoned, metal buildings were located on the site. The land showed no signs of agricultural or domestic use. Davis does not contend the property qualifies for fourth amendment protection as part of the curtilage of a home. *See United ed States v. Dunn*, 480 U.S. 294, 300, 107 S.Ct. 1134, 1139, 94 L.Ed.2d 326 (1987). On the contrary, the remote, unoccupied location described in the officers' affidavits has the characteristics of an open field in which Davis has no reasonable expectation of privacy. *See Oliver v. United States*, 466 U.S. 170, 178, 180–84, 104 S.Ct. 1735, 1741, 1742–44, 80 L.Ed.2d 214 (1984). Consequently, the officers' earlier warrantless searches and seizure do not trigger the protective ambit of the fourth amendment, *see California v. Greenwood*, — U.S. ——, 108 S.Ct. 1625, 1628, 100 L.Ed.2d 30 (1988), and those activities do not provide a basis for attacking the evidence obtained against Davis. As in *Harvey*, Davis has "point[ed] to no facts [that] would even hint * * * the search warrant might have been issued on an improper basis." *Harvey*, 850 F.2d at 403.

■ Thus, because Davis' lawyer did not unreasonably forego filing a suppression motion on behalf of his client, we cannot say Davis has shown "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S.Ct. at 370. Accordingly, Davis' ineffective assistance claim fails as a basis to withdraw his plea of guilty.

For the reasons discussed, we conclude the district court did not abuse its discretion in denying the defendants' rule 32(d) motions to withdraw their guilty pleas. We uphold the judgments of conviction entered on those pleas.